UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

FLEETZERO INC

VERSUS

M/V ATLANTIC POWER ET AL

CASE NO.  6:25-CV-01686 LEAD

JUDGE ROBERT R. SUMMERHAYS

MAGISTRATE JUDGE DAVID J. AYO

REASONS AND JUDGMENT

Pending before the Court are the Petition to Confirm Arbitration Award [ECF No. 1] and the Petition to Vacate [ECF No. 1 in 26-cv-244]. A hearing on the matters was held on April 13, 2026.

Following a two-day arbitration hearing between Fleetzero and Atlantic Oceanic held on April 7-9, 2025, on April 9, 2025, the three arbitrator Panel of the Society of Maritime Arbitrators ("Panel") issued a unanimous Partial Final Award on April 9, 2025 with respect to liability. On October 28, 2025, the arbitral Panel issued a Final Award holding Atlantic liable to Fleetzero for $4,157,724.59. A corrected Final Award was released on November 19, 2025 ("Damages Award"), reducing the amount to $4,147,724.59 to correct a clerical error in the summation of awarded damages. Fleetzero has filed the present petition before this Court to confirm that award. Atlantic Oceanic opposed the petition on the basis that a Petition to Vacate a portion of the Damages Award had been filed in New York state court. In the New York proceeding, Fleetzero removed the matter to the Southern District of New York which ultimately transferred that proceeding to this Court as well. Accordingly, this Court now has both the Petition to Confirm the Arbitration Award and the Petition to Vacate a Portion of the Damages Award before it for ruling.

Atlantic Oceanic challenges a portion of the Damages Award, specifically the portion awarding future economic losses in the amount of $2,823,012.95. Atlantic's motion to partially

vacate is based on allegations that an evidentiary hearing did not occur as requested by Atlantic. Atlantic argues that the Panel's refusal to permit an evidentiary hearing constitutes misconduct within the meaning of 9 U.S.C. § 10(a)(3) which provides that a court may vacate an arbitration award "where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced." Atlantic asserts that it requested an evidentiary hearing and that the refusal of the Panel to conduct the requested evidentiary hearing prejudiced Atlantic's right because they were unable to present the evidence which they wanted to present.

On September 30, 2025, the Panel emailed counsel for the parties to the arbitration to advise that they were finalizing their ruling and also to inquire as to when Atlantic would be remitting their payment of $25,000 which was delinquent. On October 1, 2025, Atlantic responded asking for clarification as to the evidence the Panel was considering and concluded by stating: "Accordingly, Atlantic submits that an evidentiary hearing on these issues should be held if the Panel views them to be material to the issue of whether FZ sufficiently mitigated its damages."[1] Counsel for FleetZero then responded and indicated that the deadline for requests for an evidentiary hearing had lapsed and that FleetZero objected to any further delay since Atlantic had not timely requested an evidentiary hearing.[2] At the hearing that the Court held on this matter, counsel for Atlantic suggested that Atlantic was prevented from presenting relevant evidence because no evidentiary hearing was held. Atlantic has not, however, demonstrated what would have prevented them from presenting that relevant evidence absent an evidentiary hearing.

---

[1] Civil Action Number 6:26-cv-244, ECF No. 1-1, Exhibit F.
[2] *Id.*

The Panel ultimately determined that no evidentiary hearing would be held and issued a Final Award. The Panel considered all of the evidence submitted by Atlantic regarding valuation and came to their own, independent conclusion and stated:

> In order to assess the arguments presented by the parties on these issues, the Panel has reviewed and considered the various vessel values submitted into the record. The record includes several amounts and sources for the value of the Vessel during the last several years, including the following (listed in chronological order):[3]

The Panel then listed nine separate valuations considered, including those submitted by Atlantic Oceanic. The Panel then decided to adopt a higher valuation than what Fleetzero sought, thereby accepting evidence presented by Atlantic and reducing the amount of damages awarded to Fleetzero.[4]  While the Panel did not grant an evidentiary hearing, they did clearly consider all evidence submitted by Atlantic. Atlantic did not make a timely request for an evidentiary hearing, failed to pay the agreed up fees due to the Panel, and has failed to establish how they were prevented from presenting all relevant evidence absent an evidentiary hearing.  Atlantic has no basis whatsoever to now argue that it was denied a fundamentally fair hearing as argued in the Petition to Vacate. As such, the Petition to Vacate filed by Atlantic Oceanic, which was originally filed in New York state court, then removed to the Southern District of New York and transferred to this Court and now filed as Civil Action Number 6:26-cv-244 is DISMISSED.

The Court now turns to the Petition to Confirm Arbitration Award filed by Fleetzero. As there now exists no challenge to that Petition from Atlantic Oceanic, the Court finds that, pursuant to the Federal Arbitration Act, 9 U.S.C. § 9, Fleetzero is entitled to a Judgment confirming both the Partial Final Award dated April 9, 2025 and the corrected Final Award dated November 19, 2025, in the amount of $4,147,724.59.

---

[3] ECF No. 21-2 at 179.
[4] ECF No. 21-2 at 180-81.

At the hearing on the matter, counsel for Fleetzero requested that the Court lift the automatic stay imposed by Rule 62(a) so that the judgment would be effective immediately. The Court permitted a response to that request by Atlantic. Atlantic filed a response opposing the request for a lifting of the stay and the Court thereafter requested a reply from Fleetzero. Fleetzero has now submitted sufficient evidence to satisfy the Court that there is a risk of diminution of assets which would impact Fleetzero's ability to collect its judgment such that lifting the automatic stay imposed by Rule 62(a) is appropriate.

For the foregoing reasons,

IT IS ORDERED THAT judgment is hereby entered DISMISSING the Petition to Vacate filed by Atlantic Oceanic under Civil Action Number 6:26-cv-244;

IT IS FURTHER ORDERED THAT the Partial Final Award dated April 9, 2025 and the corrected Final Award dated November 19, 2025, in the amount of $4,147,724.59 entered in favor of Fleetzero, Inc are both CONFIRMED; and

IT IS FURTHER ORDERED THAT the automatic stay imposed by Rule 62(a) is lifted such that the foregoing Judgment shall be effective immediately.

THUS DONE in Chambers on this 12th day of May, 2026.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE